MARK JOSEPH KENNEY (State Bar No. 87345)
BERNARD J. KORNBERG (State Bar No. 252006)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 677-5664
Email: bjk@severson.com
(Order on substitution of counsel pending)

Attorneys for Springleaf Financial Services, Inc.
f/k/a American General Financial Services, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Devon Anthony Green and Yvette Beatrice Green,<br><br>    Debtors.<br><br>Devon Anthony Green and Yvette Beatrice Green,<br><br>    Movants,<br><br>vs.<br><br>Springleaf Finance, Inc. f/k/a American General Finance, Inc.,<br><br>    Respondent. | Case No. 08-41878<br><br>Chapter 13<br><br>**SPRINGLEAF FINANCIAL SERVICES, INC.'S OPPOSITION TO MOTION TO DEEM DEBTORS CURRENT AND REQUEST FOR HEARING ON THE MATTER**<br><br>Date: To Be Set<br>Time: To Be Set<br>Crtrm.: 215<br>Judge: Hon. M. Elaine Hammond |

    Springleaf Financial Services, Inc. f/k/a American General Financial Services, Inc. ("**Springleaf**") hereby opposes the motion of Debtors Devon and Yvette Green ("**Debtors**") to deem the loan owed by Debtors to Springleaf current and, pursuant to B.L.R. 9014-1(b)(3), requests a hearing on the matter.

**I. INTRODUCTION**

    Debtors have filed a motion pursuant to Bankruptcy Rule 3002.1(h) requesting that the

Court determine that they are current on their loan to Springleaf. The Court must deny this motion as Debtors are not entitled to any relief under subsection (h) of Bankruptcy Rule 3002.1.

First, Debtors may not seek this type of relief under Bankruptcy Rule 3002.1(h). This subsection allows a debtor to contest the response of a creditor to a notice of final cure payment when the creditor alleges that the loan is not actually current. However, in this case, Springleaf did not respond to the notice of final cure payment. When a creditor fails to respond to the notice of final cure payment at all, the Bankruptcy Rules provides a different remedy. Bankruptcy Rule 3002.1(i) provides that, upon failure to respond to the notice of final cure, a debtor may seek an order that all evidence that the debtors are not current be excluded from future proceedings within the case. Subsection (i) does not provide for any judicial determination of whether the loan is in default. Debtors have received an order already under subsection (i) and that is all the relief that Bankruptcy Rule 3002.1 allows.

However, even if Debtors were allowed to seek relief under Bankruptcy Rule 3002.1(h) and request a determination of whether they are current, the motion would still fail. Debtors have provided absolutely no evidence, competent or otherwise, that they are current. They have not even asserted in the motion that they are current. Bankruptcy Rule 3002.1(h) does not provide that this Court shall deem the Debtors current unless the creditor proves otherwise, but insteadinstead requires a determination of the actual status of the loan based on admissible evidence. Any other interpretation of this rule would improperly conflict with the Bankruptcy Code. As Debtors cannot declare they are current, as they are anything but, the Court must deny this motion for failure to state any basis for relief.

## II. PERTINENT FACTS

Debtors filed for Chapter 13 bankruptcy on April 18, 2008. Dkt. #1.

Springleaf filed a proof of claim in the bankruptcy proceeding. Pursuant to the proof of claim, at the time of filing Debtors owed Springleaf $21,201.31 on a home equity loan secured by Debtors' principal residence. The arrears at the time of filing were $1,849.20. Proof of Claim #9-

1. [1] Debtors filed a Chapter 13 plan proposing to cure the arrears owed to Springleaf on the loan. Dkt. # 2. The plan was confirmed as written. Dkt. # 11.

On July 2, 2013, the Chapter 13 trustee filed and served a notice of final cure payment pursuant to Bankruptcy Rule 3002.1(f) stating that she had paid the full $1,849.20 in mortgage arrears and that the ongoing mortgage payments were made directly by the Debtors. Dkt. #52. No response to the notice of final cure payment was filed or served by Springleaf.

Due to the failure to respond by Springleaf, Debtors filed a motion pursuant to Bankruptcy Rule 3002.1(i) to preclude Springleaf from presenting any information relating to any pre or post-petition default on the loan. The motion also sought $875 in attorneys' fees. Dkt. # 57. No opposition to the motion was filed and, on August 20, 2013, an order granting the motion was issued granting the motion in full. Dkt. # 68.

Debtors then, despite having received the full relief allowed by the Bankruptcy Rules, filed this motion to deem Debtors current on all pre-petition arrears and all post-petition arrears as of August 20, 2013. The motion also seeks attorneys' fees in the amount of $875. Dkt. #70.

## III. DEBTORS ARE NOT ENTITLED TO THE RELIEF SOUGHT

Debtors seek an order deeming them current on the loan based on the non-response of Springleaf to the notice of final cure payment. As the Bankruptcy Rules do not provide for such relief in this situation, nor do Debtors provide any evidence that they are current, the motion should be denied.

**A. Bankruptcy Rule 3002.1 and Notices of Final Cure Payment**

Bankruptcy Rule 3002.1 "creates a procedure that requires the creditor to respond to a notice by the trustee with a statement that the plan was either completed satisfactory, or there are disagreements to be resolved by the court on request of the debtor or trustee." *In re Kreidler*, 494 B.R. 201, 203 (Bankr. M.D. Pa. 2013). The rule provides that within 30 days after the debtor

---

[1] It appears that a duplicate claim may have been filed as proof of claim 1-1. Regardless, it appears that the Trustee relied on claim 9-1 for the arrears amount and there is no allegation that duplicative payments were being made.

completes all payments under the plan, the trustee shall file and serve a notice of final cure "stating that the debtor has paid in full the amount required to cure any default under the claim." Fed. R. Bankr. P. 3002.1(f). Within 21 days of service, the creditor on the claim must file a response either agreeing or disputing that the pre or post-petition defaults have been cured. Fed. R. Bankr. P. 3002.1(g).

If the creditor responds to notice of final cure payment by stating that the debtor is not current on pre or post-petition arrears, the debtor or trustee may file a motion "within 21 days after service of the statement under subdivision (g) of this rule" requesting that the court "determine whether the debtor has cured the default and paid all required postpetition amounts." Fed. R. Bankr. P. 3002.1(h). This subsection makes no provision for an award of attorneys' fees.

However, if no response to the notice of final cure payment is made, then the rules provide an entirely different avenue of relief. If the creditor of a claim "fails to provide any information" as required by subsection (g) of Bankruptcy Rule 3002.1, the debtor may file a motion to preclude the creditor from presenting the omitted information in the bankruptcy case or any adversary proceeding arising out of it. Fed. R. Bankr. P. 3001.(1)(i)(1). The court may also award attorneys' fees. Fed. R. Bankr. P. 3001.(1)(i)(2). This section does not provide for any judicial determination of the amount of arrears.

**B.     The Bankruptcy Rules Do Not Provide for Determination of Arrearages When the Creditor Does Not Respond to the Notice of Final Cure Payment**

The relief sought by Debtors in this motion is predicated upon subsection (h) of Bankruptcy Rule 3002.1. Motion to Deem Current, p.2:14-15 ("[a]ccordingly, an Order deeming Debtors current is appropriate pursuant to Federal Rule of Bankruptcy Procedure 3002.1(h)"). However, a motion to determine whether Debtors are current under subsection (h) would only be allowed if it was in response to a "statement under subdivision (g)" contesting the assertion of the Trustee that Debtors were current on the loan. Fed. R. Bankr. P. 3002.1(h). As was admitted by Debtors when they sought the order precluding all evidence of arrears, Springleaf failed to provide such a response. Accordingly, Debtors may not request relief from this Court pursuant to subsection (h) of Bankruptcy Rule 3002.1.

Finally, Debtors cannot argue that the relief they seek should be allowed under the equitable powers of the Court. "A court may exercise its equitable power only as a means to fulfill some specific code provision." *In re Murgillo*, 176 B.R. 524, 531 (B.A.P. 9th Cir. 1994); *see also In re At Home Corp.*, 392 F.3d 1064, 1070 (9th Cir. 2004) (*internal citation omitted*) ("equitable powers are limited and do not amount to a roving commission to do equity"). Here, the specific basis for relief cited by Debtors is clearly not authorized by the plain language of the Bankruptcy Rule 3002.1(h) or (i). If they seek relief on some other cognizable grounds, they must do so by filing a motion setting forth such a basis for relief and providing evidence that they are entitled to the relief sought. Fed. R. Bankr. P. 9013.

Debtors have already received the relief allowed by Bankruptcy Rule 3002.1 when Debtors sought and received an order precluding all omitted evidence due to Springleaf's failure to respond to the notice of final cure payment. Dkt. #57, 68. Debtors may not seek to double-dip and now seek the relief they would have been entitled to had Springleaf responded to the notice of final cure.

**C. Even if Debtors Were Entitled to a Determination of Arrearages, the Motion Must Be Denied as Debtors Have Not Provided any Basis for Relief**

Debtors' motion appears to take the position that the sheer filing of this motion is enough for the Court to issue an order deeming the loan current. This is not the case. Instead, as with all motions, a specific cognizable basis for relief is required. Accordingly, the Court should deny the motion for failure to provide a basis for relief.

Bankruptcy Rule 3002.1(h) does not provide that, upon the bare filing of the motion seeking a determination of whether the debtor is current, the creditor then is solely tasked with proving that they are in default. Instead, the rule requires that the court shall, "after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts." Fed. R. Bankr. P. 3002.1(h). A request for relief under Bankruptcy Rule 3002.1(h) is "a contested matter" and proceeds "as any other contested matter." *In re Carr*, 468 B.R. 806, 808 (Bankr. E.D. Va. 2012). A contested matter requires that the party "shall state with particularity the ground" for relief and provide competent evidentiary support as to those grounds. Fed. R.

Bankr. P. 9013, 9014(d), 9017.

Here, Debtors' motion is bare of any ground for relief that would allow this Court to determine that the loan is current. There is no proof of payments made or even a blanket statement by the Debtors that they believe that they are current. In fact there is not even a declaration by the Debtors. There is only a declaration by their counsel and that declaration is silent as to any financial information regarding the loan. Declaration of Attorney in Support of Debtors' Motion, ¶¶ 1-11. Finally, the notice of final cure payment does not state that post-petition payments were made, but simply that Debtors were to make them directly to Springleaf. Dkt. #52.

Subsection (h) of Rule 3002.1 was "designed to address the rather significant concern created when a debtor cures a mortgage arrearage under Chapter 13 only to find that postpetition obligations arose during the plan term unbeknownst to the debtor because the secured creditor was concerned that any communication would be considered a violation of the automatic stay." *Kreidler*, 494 B.R. at 203. The relief sought by Debtors here falls well outside the harm this rule was designed to remedy. Debtors are not alleging that they, in good faith, made all the payments they believed were required to remain current. Nor can they make such an assertion as they have not made a direct payment since 2011. Debtors are seeking to use the failure of Springleaf to respond to the notice of final cure payment as a basis to eliminate over two years of non-payment from the balance of their loan. This is not the intent of Bankruptcy Rule 3002.1(h), and the Court should deny this attempt by Debtors to abuse it in this manner.

Finally, the Court cannot grant the motion as the relief sought goes well beyond the powers allowed to the Bankruptcy Rules. To the extent that Bankruptcy Rules conflict with the Bankruptcy Code by modifying substantial rights, they are void. 28 U.S.C. § 2075 ("rules shall not abridge, enlarge, or modify any substantive right"); *In re Greene*, 223 F.3d 1064, 1071-72 (9th Cir. 2000). "[A] procedural rule is one that governs the judicial process for enforcing rights and duties recognized by the substantive law, while a rule that impermissibly alters substantive rights is one that modifies the rules of decision by which a court resolves disputes." *Greene*, 223 F.3d at 1071-72 (*internal quotations and citations omitted*).

06085.0102/2871781.2

6

Case: 08-41878   Doc# 84   Filed: 09/18/13   Entered: 09/18/13 16:47:51   Page 6 of 8

OPPOSITION TO MOTION TO DEEM CURRENT

Here, Debtors' motion seeks a determination that Debtors are current on the loan. Such a determination would have the effect of reducing the principal balance of the loan as if the payments were made regardless of whether they actually were tendered. The Bankruptcy Code prohibits a Chapter 13 debtor from seeking to modify a loan secured by their principal residence. 11 U.S.C. § 1322(b)(2). Furthermore, if a debtor seeks to disallow a portion of a claim, the Court must "determine the amount of such claim." 11 U.S.C. § 502(b). A party seeking to disallow a claim must, pursuant to the language of section 502(b), provide a cognizable ground as to why it should be disallowed. *In re Heath*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005); *In re Garner*, 246 B.R. 617, 624 (B.A.P. 9th Cir. 2000).

Debtors' interpretation of this rule would require the Court to modify a loan secured by their principal residence and would require the Court to do so without making any determination regarding the actual amount of the claim or the basis for disallowance. Even if Springleaf is precluded by this Court's order from providing evidence that Debtors are not current on the loan, the Bankruptcy Code does not allow a debtor to modify a home loan or disallow a claim without providing some cognizable legal basis for doing so. They have not done so, and thus the motion must be denied for failure to provide an evidentiary basis for that determination.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Debtors' motion.

DATED: September 18, 2013

SEVERSON & WERSON
A Professional Corporation

By: /s/ Bernard J. Kornberg
Bernard J. Kornberg

Attorneys for Springleaf Financial Services, Inc. f/k/a American General Financial Services, Inc.

06085.0102/2871781.2

7

Case: 08-41878   Doc# 84   Filed: 09/18/13   Entered: 09/18/13 16:47:51   Page 7 of 8

OPPOSITION TO MOTION TO DEEM CURRENT

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On September 18, 2013, I served true copies of the following document(s):

**SPRINGLEAF FINANCIAL SERVICES, INC.'S OPPOSITION TO MOTION TO DEEM DEBTORS CURRENT AND REQUEST FOR HEARING ON THE MATTER**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2013, at San Francisco, California.

          /s/ Bernard J. Kornberg
          Bernard J. Kornberg